IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CRIMINAL NO. 04-cv-40014-JPG |
| | ) |
| **ARCHIE DUNKLIN,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Archie Dunklin's motion for free copies of the jury instructions in his case, the transcripts of the closing arguments, and the jury verdict forms (Doc. 197). He believes he needs these materials for use in preparing a motion under 28 U.S.C. § 2255. The government has responded to the motion (Doc. 198).

Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

While Dunklin may have exhausted his other means of obtaining one or more of the documents he seeks (e.g., the transcript of the parties' closing arguments was not prepared so it is not available from his counsel), he has not established that he is indigent or that the documents he requests are necessary for the preparation of some specific non-frivolous court action. Dunklin has no pending matter before this Court, so the Court is unable to certify that the petitioner is pursuing a matter that is not frivolous or that transcripts or other documents are needed to decide the issue or issues presented by such a matter. *United States v. Hovarth*, 157 F.3d 131, 132 (2d Cir. 1998) (*per curiam*) (motion for free transcript not ripe until filing of § 2255 challenge to sentence); *Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995) (*per curiam*) (denial of transcript justified prior to filing of § 2255 challenge to sentence). If, at some point, the defendant should have an action pending before this Court, he may resubmit his request with the appropriate supporting information. In the meantime, the Court **DENIES without prejudice** Dunklin's motion (Doc. 197).

**IT IS SO ORDERED.**
**DATED:  March 28, 2007**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **UNITED STATES DISTRICT JUDGE**