IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.  04-cr-40014-004 JPG |
| ) | |
| ARCHIE DUNKLIN, JR., ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on defendant Archie Dunklin Jr.'s *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 205).  The Court appointed counsel for the defendant, and counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of the defendant's request (Doc. 236).  *See Anders v. California*, 386 U.S. 738, 744 (1967).  The government and the defendant failed to respond to counsel's motion although they were given an opportunity to do so.

Dunklin was tried and found guilty of one count of conspiring to distribute 50 grams or more of crack cocaine.  At sentencing, the Court found by a preponderance of the evidence that Dunklin's relevant conduct was at least 150 grams but less than 500 grams of crack cocaine, which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of 34.  The Court further found that Dunklin was a career offender under U.S.S.G. § 4B1.1 based on prior drug or violent felony convictions, which raised his base offense level to 37.  Considering Dunklin's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a

---

[1]Unless otherwise noted, the references to the guidelines in this order are to the 2004 United States Sentencing Guidelines Manual.

sentencing range of 360 months to life months in prison.  The Court imposed a sentence of 360 months, less than the statutory maximum sentence established by Dunklin's conviction.  *See* 21 U.S.C. §§ 841(b)(1)(A).  Dunklin now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied*, 129 S. Ct. 2817 (2009)**.**

Dunklin cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine.  The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and

sentences involving powder cocaine.  Dunklin , however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1, not his base offense level set forth in U.S.S.G. § 2D1.1.  *See Forman*, 553 F.3d at 589-90.  Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Dunklin cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request.  *See Forman*, 553 F.3d at 588;  *Lawrence*, 535 F.3d at 637-38.  The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 236) and **DISMISSES** Dunklin's motion for a sentence reduction (Doc. 205) for **lack of jurisdiction**.

The Clerk of the U.S. District Court is hereby **DIRECTED** to mail a copy of this order to defendant Archie Dunklin, Jr., Reg. No. 06273-025, FCI Terre Haute, P.O. Box 33, Terre Haute, IN 47808.

 IT IS SO ORDERED.

DATED:  February 12, 2010.

>                               s/ J. Phil Gilbert
>                               **J. PHIL GILBERT**
>                               **U.S. DISTRICT JUDGE**