IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04-cr-40014-004-JPG |
| | ) | |
| ARCHIE DUNKLIN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a March 29, 2011, letter from defendant Archie Dunklin, Jr., which the Court has construed as a motion for copies (Doc. 244). Dunklin asks for copies of his sentencing transcript, the original indictment and the second superseding indictment in his case so he may prepare a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on changes to the United States Sentencing Guidelines Manual ("U.S.S.G.") in the wake of the enactment of the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (2010), on August 3, 2010. That act changed the quantities of crack cocaine necessary to trigger mandatory minimum sentences and statutory maximum sentences. statutory ranges in an effort to reduce the disparity in sentences involving crack cocaine and sentences involving powder cocaine. *See* 21 U.S.C. § 841(b)(1)(A)(iii) & 841(b)(1)(B)(iii). It also directed the United States Sentencing Commission to amend the United States Sentencing Guidelines to reflect the changes in the act. The Sentencing Commission accomplished this in a supplement to the 2010 Guidelines Manual, which included amendments to the drug quantity table of U.S.S.G. § 2D1.1(c).

Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has

exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

Dunklin has not established any of the three requirements of the Court. Furthermore, the Court notes that the motion for a sentence reduction Dunklin seeks to file would be frivolous. The Court of Appeals for the Seventh Circuit has held that changes wrought by the FSA are not retroactive to sentences imposed before its effective date of August 3, 2010. *See United States v. Bell*, 624 F.3d 803, 815 (7th Cir. 2010) (FSA inapplicable to defendants sentenced before effective date); *see also United States v. Fisher*, Nos. 10-2352 & 10-3124, 2011 WL 832942, *3 (7th Cir. Mar. 11, 2011) (also inapplicable to defendants sentenced after effective date whose crimes were committed before effective date). Additionally, the Sentencing Commission has not made its 2010 amendments to U.S.S.G. § 2D1.1(c) retroactive. Dunklin was sentenced on June 23, 2005, long before the FSA's effective date, so neither the law nor the Guideline changes that followed from it apply to him. Any request for a reduction based on the FSA would be frivolous.

For these reasons, the Court **DENIES** the motion for copies (Doc. 244).

**IT IS SO ORDERED.**
**Dated: April 11, 2011**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **U.S. DISTRICT JUDGE**