UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 04-cr-40014-JPG-004 |
| ARCHIE DUNKLIN, JR., | |
| Defendant. | |

### MEMORANDUM AND ORDER

This matter comes before the Court on the parties' joint motion for a reduction of defendant Archie Dunklin, Jr.'s criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 289). Both parties agree a reduction is appropriate, although they disagree slightly on the amount of the reduction—they are about six months apart in their requests. This joint motion supplements the defendant's earlier *pro se* motion (Doc. 274) and counsel-filed amended motion (Doc. 281).

In March 2005, a jury found Dunklin guilty of one count of conspiring to distribute 50 grams or more of crack cocaine. The Court sentenced him in accordance with an enhanced statutory range found in 21 U.S.C. §§ 841(b)(1)(A)(iii) and 851 based on a prior drug conviction—no less than 20 years. At sentencing, the Court found by a preponderance of the evidence that Dunklin's relevant conduct was at least 150 grams but less than 500 grams of crack cocaine, which under U.S.S.G. § 2D1.1 (2004) yielded a base offense level of 34. The Court further found that Dunklin was a career offender under U.S.S.G. § 4B1.1 based on two prior drug or violent felony convictions, which raised his base offense level to 37. Considering Dunklin's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1,

this yielded a sentencing range of 360 months to life months in prison.   The Court imposed a sentence of 360 months followed by 10 years of supervised release.

The defendant now asks the Court to reduce his sentence in light of § 404 of the First Step Act.[1]   Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense.   First Step Act, § 404(b).   In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges.   The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the

---

[1] Section 404 of the First Step Act provides in full:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a).   Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act.   First Step Act, § 404(c).   In sum, the Court now may, but is not required to, reduce a defendant's sentence if the defendant was sentenced under a statutory penalty provision that was changed by the Fair Sentencing Act.   *See United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020) (holding that the statute of conviction alone determines whether the Fair Sentencing Act modified a penalty).

The parties agree that the defendant is eligible for a sentence reduction under the First Step Act.   His conviction is the type of conviction covered by § 404 of the First Step Act.   He committed the federal offense before August 3, 2010, and the Fair Sentencing Act modified the statutory sentencing range set forth in 21 U.S.C. § 841(b)(1)(A)(iii) under which he was sentenced.   Because the Fair Sentencing Act modified the penalties for the statute under which the defendant was sentenced, his offense qualifies as a covered offense under the First Step Act. *See Shaw*, 957 F.3d at 739.   Thus, the defendant is eligible for reduction under the First Step Act, subject to the Court's discretion.

The defendant and the Government have agreed that the Court should exercise its discretion to reduce the defendant's sentence pursuant to the First Step Act, but they disagree as to the magnitude of the reduction.   The defendant notes he has spent approximately 198 months in prison and seeks a reduction to time served.   The Government argues that a reduction to 240 months, which with good time credit would result in imprisonment of approximately 204 months, is more appropriate.

In support of a sentence of time served, Dunklin argues that were he sentenced today, he would no longer qualify for an enhanced sentencing range and would no longer be a career

3

offender in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016). He believes without the enhancement his statutory range would be 5 to 40 years in prison and 4 years of supervised release under 21 U.S.C. § 841(b)(1)(B), and he would not be a career offender. Consequently, in light of retroactive guideline amendments since his sentencing, he believes his offense level would now be 26,[2] his criminal history category IV, and his guideline sentencing range 92 to 115 months. He notes that he is 73 years old and has served approximately 198 months in prison with only two disciplinary infractions. He has completed many educational classes and has held steady employment in coveted positions while incarcerated.

In its original response to Dunklin's request (Doc. 284), the Government urged the Court not to reduce Dunklin's sentence. It urged the Court to reject the notion that the defendant was entitled to reexamination of the application of enhanced statutory range and the career offender guideline. It further argued that, even after the Fair Sentencing Act, the defendant's guideline range would the same because even under 21 U.S.C. § 841(b)(1)(B) the top of his sentencing range, the driver of his career offender offense level, would still be life. The Government has since changed its position about Dunklin's eligibility for relief.

As a preliminary matter, the Court declines to conduct a plenary resentencing hearing as such a proceeding is not required by the First Step Act. *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019); *see United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020) (*per curiam*); "Courts generally agree that plenary sentencing is not

---

[2] This level is based on the PSR's finding of approximately 112 grams of crack cocaine. At sentencing, the Court actually found Dunklin's relevant conduct to be 288 grams of crack cocaine, which under today's guidelines would warrant a base offense level of 30. An offense level of 30 with a criminal history category of IV would yield a guideline sentencing range of 135 to 168 months.

required. . . ."); *United States v. Cooper*, 803 F. App'x 33, 35 (7th Cir. 2020) (declining to find plain error in not holding plenary resentencing hearing, noting that "nothing in § 404 plainly requires the district court to hold any sort of hearing at all").   Furthermore, to the extent the Court might have discretion to hold a hearing, it declines to do so as the arguments are already well-articulated in the record.

As recommended by the United States Court of Appeals for the Seventh Circuit in *Shaw*, 957 F.3d at 734, 741-42, the Court considers the defendant's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion in response to the defendant's request.   Also, although it is not bound to give any reduction based on current statutes, guidelines, or sentencing law, those factors are relevant to its consideration of how to exercise its discretion.   *Corner*, 967 F.3d at 665; *United States v. Hudson*, 967 F.3d 605, 612 (7th Cir. 2020) (citing *Shaw*, 957 F.3d at 741-42).

The Court has reviewed the relevant sentencing factors set forth in 18 U.S.C. § 3553(a) as well as the defendant's pre- and post-conviction conduct, *see Shaw*, 957 F.3d at 741, and finds that a reduction to 240 months is appropriate.   The Court will not reexamine the defendant's § 851 enhancement or career offender status.   It would not be equitable to do so in this context for defendants covered by the § 404 of the First Step Act but not other defendants who also would no longer qualify for those enhanced sentences.   Neither the Fair Sentencing Act nor the First Step Act made such changes in the law retroactive, and to the extent they might be retroactive to the defendant, there are other avenues such as petitions under 28 U.S.C. §§ 2255 or 2241 he can use to seek those benefits.   Thus, the Court finds that after application of the Fair Sentencing Act, Dunklin's statutory sentencing range is 10 years to life under 21 U.S.C. §§ 841(b)(1)(B) and 851, his career offender base offense level remain 37, and his guideline

range remains 360 to life.

Even if it were true that today Dunklin would no longer be subject to an enhanced penalty range and would not be a career offender, those factors would weigh in favor of some reduction—like to a below-guideline sentence of 240 months—but would not cause the Court to consider releasing Dunklin without sufficient transitional programing by the Bureau of Prisons. As a practical matter, the reductions proposed by the parties are so similar that they would nearly equally serve the sentencing purposes set forth in 18 U.S.C. § 3553(a) except for the need to provide the defendant with correctional treatment in the most appropriate manner.   The longer 240-month sentence rather than immediate release will allow the Bureau of Prisons to better prepare the defendant to transition into the outside world with minimum disruption, which is likely to improve his chances for success on supervised release.   Thus, the Court concludes that a 240-month sentence, followed by an 8-year term of supervised release, is sufficient, but no greater than necessary, to comply with the purposes of punishment.

For the foregoing reasons, the Court **GRANTS** the parties' joint motion for a sentence reduction pursuant to the First Step Act's retroactive application of the Fair Sentencing Act (Doc. 289) and will reduce the defendant's sentence to a 240-month term of imprisonment followed by an 8-year term of supervised release.   The Court will enter a separate order for a reduction of sentence in its standard form.   In light of this order, the Court **DENIES as moot** Dunklin's other motion for a reduction under the First Step Act (Docs. 274 & 281).

**IT IS SO ORDERED.**
**DATED:   September 15, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
